[No. 39104. Department Two. March 21, 1968.]

WESLEY S. PIERCEY, *Appellant,* v. CAROL C. PIERCEY, *Respondent.**

William F. Hennessey and Llewellyn Jordan, for appellant.

Gibbon & Thoreson, by Donald L. Thoreson, for respondent.

LANGENBACH, J.†—This is an action for divorce in which appellant, in his direct testimony, admitted such indiscretions that, at the close of his proof, the court dismissed his complaint and granted the respondent a divorce. That fact is not contested.

The parties had been classmates at college; both graduated with degrees. Hers was in secretarial science and his in engineering. Later he returned and obtained a master's degree. He is now employed at Boeing with a gross monthly salary of $726. She is 49 and he is 50. She is employed as a secretary at about $100 a month but works only a part-time day so that she might be at home when the daughter returns from high school classes.

*Reported in 438 P.2d 827.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

They have a boy, aged 18, in junior college, and a girl, aged 14, in high school. Since the parents are college graduates, they believe the children should receive a college education if possible.

In addition to his monthly income from employment, he is interested in some real-estate ventures. His investment in them and the results to be accomplished are somewhat nebulous yet tangible.

During the pendency of the divorce action, the boy resided with his father in an apartment, but has since returned to his mother's home. He intends to stay there while completing his education.

The parties had a comfortable home on Magnolia Bluff in Seattle with a view of the Sound and the mountains. It was valued at $10,783 after the discount of a substantial mortgage which is subject to monthly payments. Furniture therein was valued at $2,500. These items, together with one automobile and the equities of two life insurance policies, were awarded to the respondent wife. In addition, she had inherited $9,700 from her father as a separate estate. Her award totalled $14,018.

The appellant was awarded the other automobile, his tools, the equities in two life insurance policies, and a personal injury claim, which he has not yet liquidated. Dependent upon the value realized from such an injury claim, his total varied from $4,180 to $9,180.

The interests in the various real-estate ventures were divided equally between the parties.

Included among their assets was a vendor's interest in a real-estate contract to a sale made at Westport which was valued at $66,407. This contract was payable in monthly installments of $568 per month including interest. This contract was awarded to the respondent wife in trust for use to support the children in college. She was obliged to pay the income taxes accruing thereon. After the children shall have been graduated from college, within 7 to 9 years at most, the balance then remaining was to be divided equally between the parties.

Appellant was ordered to pay respondent $75 per month per child until they attained legal age or were emancipated. The wife was to claim the children as her dependents for income tax purposes. He was also ordered to pay the respondent 25 per cent of his taxable gross income in excess of his present gross annual income of $8,764. This payment was to continue during such period of time as the trust agreement for the children's education was in force, but in no event longer than 9 years. At that time, the proceeds of the vendor's contract shall be divided equally between the parties. He was ordered to pay her attorney's fees of $750 at the rate of $75 per month.

There are 19 assignments of error concerning various findings of fact and conclusions of law. They are all argued together on two main grounds: (a) that the findings and decree sought to punish an errant husband by depriving him of substantially all of his property; and (b) the decree tends to discourage respondent from seeking or obtaining gainful employment which she is qualified to accept. But this is not the import of the decree. It was that during the minority of the children appellant should contribute to their support. During the period when they would be in college, the respondent wife should receive the proceeds of the vendor's contract to apply on their support. This is to be accomplished in a span of 7 to 9 years. Then the proceeds of that vendor's contract are to be divided equally between them. Further alimony would likewise cease at that date.

That the wife might act as such trustee for this educational fund purpose, is established in the cases of *Abel v. Abel,* 47 Wn.2d 816, 289 P.2d 724 (1955), and *Bryant v. Bryant,* 68 Wn.2d 97, 411 P.2d 428 (1966). The latter case is cited by appellant in his brief.

During the course of the oral argument, it was admitted that appellant's income has not exceeded that of the time of trial, and that each party has since remarried. It was likewise stated that the daughter was now residing with her father and going to high school in that vicinity.

■ Since the position of the parties has changed materially since the decree was entered, certain modifications and adjustments are deemed reasonable.

As the respondent has remarried, the alimony payable to her shall cease with the remand of the case.

The respondent shall pay the income taxes accruing up to the time of her remarriage upon the proceeds of the vendor's contract received by her. An independent trustee, preferably some banking institution or trust company, shall be established to handle and account for the proceeds of the vendor's contract and, after the deduction of proper amounts for use in the educational needs of the children, these proceeds shall be equally divided between the parties. When the children shall have become educated or the funds are no longer needed for that purpose, the trust shall terminate and each party shall receive one-half of the remaining balance of said vendor's contract.

The respondent shall make an accounting of the funds received from the proceeds of the vendor's contract as of the date of her remarriage.

The distribution of the remaining property as set forth in the original decree shall not be otherwise disturbed.

The trial court shall make such disposition of the custody and support of the children as may appear necessary and proper at the time of the entry of a modification decree.

Accordingly, the decree of the trial court is hereby modified in consonance with the terms and provisions above stated, and the trial court is directed to enter such a decree not inconsistent with said terms and provisions. Since each party has prevailed in some part in this appeal, no costs will be awarded. It is so ordered.

HILL, HUNTER, HAMILTON, and McGOVERN, JJ., concur.